UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERENCE PRECELL SULLIVAN,

    Plaintiff,

v.                                             Case No: 2:13-cv-726-FtM-29DNF

JOEY SANTOS, CHRISTY VILLEGAS,
and DERNICE YOLANDA SPATES,

    Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On October 15, 2013, the District Court entered an Order Regarding Prisoner Consent Form and Financial Certificate (Doc. 3) requiring Plaintiff, within thirty days from the date of the order, to either file a fully completed Prisoner Consent Form and Financial Certificate or pay the filing fee. Plaintiff failed to comply with the Order and on January 30, 2014, the Court entered an Order to Show Cause (Doc. 11) requiring Plaintiff to show good cause within twenty-one days why the case should not be dismissed for his failure to comply with the District Court's Order. The Order to Show Cause also instructed Plaintiff to file a Prisoner Consent Form and Financial Certificate or pay the filing fee. On February 27, 2014, Plaintiff filed an Affidavit of Indigency (Doc. 13) which included an improperly completed Financial Certificate. On March 10, 2014, the Court entered an Order (Doc. 14) requiring Plaintiff to file, within twenty-one days, a properly completed Prisoner Consent Form and Financial Certificate. The Order specified that if Plaintiff failed to file the Prisoner Consent Form and Financial Certificate or pay the filing fee, the Court would recommend that the case be dismissed. On March 26, 2014, Plaintiff filed a Prisoner Consent Form and Financial Certificate that was again incorrectly completed.

On March 31, 2014, the Court entered an Order (Doc. 16) giving Plaintiff another chance to file a fully completed Prisoner Consent Form and Financial Certificate.  The Order specified that if Plaintiff failed to file a fully completed Prisoner Consent Form and Financial Certificate within fourteen days, then the Court will recommend that this action be dismissed.  On April 14, 2014, Plaintiff filed another incomplete Prisoner Consent Form and Financial Certificate (Doc. 17).  Specifically, Plaintiff failed to have an authorized penal official complete the Financial Certificate section.  On April 21, 2014, the Court entered an Order (Doc. 20) giving Plaintiff another chance to file a completed Prisoner Consent Form and Financial Certificate.  On May 1, 2014, Plaintiff filed a Prisoner Consent Form and Financial Certificate with the "Financial Certificate" section completed and signed by an authorized penal official.

Having finally received a correctly completed Prisoner Consent Form and Financial Certificate, the Court proceeded to analyze whether Plaintiff qualified to proceed *in forma pauperis*.  On May 9, 2014, the Court entered an Order (Doc. 22) explaining that Plaintiff's Amended Civil Rights Complaint Form (Doc. 12) failed to provide a plain statement of facts explaining how each defendant is liable for constitutional violations.  The Order required Plaintiff to file an amended complaint within twenty-one days.  The twenty-one day time period has passed and Plaintiff has failed to file an amended complaint as ordered by the Court.  Given Plaintiff's constant failure to cure deficiencies in his filings, the Court finds it appropriate to recommend that this case be dismissed without prejudice.

**IT IS RESPECTFULLY RECOMMENDED THAT:**

The District Court dismiss the Amended Complaint (Doc. 12) and terminate Plaintiff's Affidavit of Indigency (Doc. 2).

**Respectfully recommended** in Chambers in Fort Myers, Florida on June 10, 2014.

/s/ Douglas N. Frazier
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02

Copies furnished to:

Counsel of Record
Unrepresented Parties